Cabell, P.
delivered the opinion of the Court.
The assignment of a promissory note, when made in the general or usual form, imposes on the assignee the obligation to use due diligence, in the effort to obtain payment from the maker of the note; and if, in such case, the assignee should fail to use such diligence, and the maker becomes insolvent, the assignee loses his right to resort to the assignor for payment of the note. But it is competent to the assignor, by the terms of his assignment, to exempt the assignee from the obligation to use due diligence; and when he does so, he will still be liable to the assignee, although the debt may have been lost by the failure to observe due diligence.
The Court is of opinion, that the appellee, by the terms of his assignment to Henry O. Middleton, of the *135 note in the proceedings mentioned, did exempt the said Middleton from the obligation to use due diligence in the collection of the note from the maker, and made himself liable to the assignee, in case of the insolvency of the maker, even although it might have been recovered from the maker, if suit had been brought in a reasonable time after the assignment.
The Court is farther of opinion, that this exemption from the obligation of due diligence, was not, by the terms of the assignment, confined to the said Middleton, but extended, so far as might concern the appellee, to all subsequent assignees of the said note.
The Court is therefore of opinion, that the Court below erred in giving to the jury the instruction asked for by the appellee, and also in refusing to give that which was moved for by the appellant.
The judgment is therefore reversed with costs, and the cause is remanded for a new trial, on which, if the facts proved to the jury shall be the same as those proved on the former trial, the instruction moved for by the appellant, if again asked, shall be given, and that moved by the appellee, if again asked, shall be refused.