SAMUELS, J.
This is an action of assumpsit brought *by John Thompson, jr., against Archibald Govan. There is a slight degree of confusion in the statement of the plaintiff’s case as set forth in the first and second counts of his declaration : Racts are alleged therein, which are relevant only in a suit upon the assignment of paper not mercantile; yet the claim therein also set forth for the notarial charges of protest, and the averment of notice of dishonor could only be made in regard to mercantile paper. On the whole, however, the two counts should be regarded as asserting a cause of action growing out of an assignment of a promissory note not *352 treated as negotiable. The- first count alleges the making of the note by Watt H. Tyler to John Tjrier, the assignments thereof- by John Tyler to John Minge, by John. Minge to Archibald Govan, by Archibald Govan to Henry Curtis, by Henry .Curtis to the Bank of the United States, and by the bank to the plaintiff Thompson; which assignments are severally alleged to have been for value received by the several assignors. The .second count alleges the making of a like note and the same succession of assignments thereof, except those to and by Curtis; it-being alleged that John Minge assigned the note to the United States Bank; no consideration is averred for these assignments or any of them. Common counts are inserted for money laid out and expended, money lent and advanced and upon an account stated. - The defendant pleaded non. assumpsit - and the statute of limitations ; a special verdict was found by a jury, and on that verdict a judgment'was rendered for the defendant, which is brought here for revision.
It is unnecessary for the proper'disposition of this case to decide whether the - charter of the United States Bank allowed -it to acquire and transmit title to paper of this description, or whether the facts found by the jury constitute a consideration sufficient *to subject the defendant to the demand in the terms in. which it is asserted, or whether the case alleged is in .other particulars sustained by-the finding of the jury; because; if all these questions should be decided in favor of the plaintiff, yet the case must be decided in. favor of the defendant for obvious reasons.
The assignees.-of this note,' according to the facts found by the jury, respectively took it upon the implied terms of looking to no previous assignor thereof for the consideration received by such assignor,-until due diligence had been used to collect the amount from the maker. This use of due diligence could only be diápensed with by showing that it would not have produced satisfaction. It is not alleged by the plaintiff nor proved by the jury that- Watt H. Tyler, the maker, was insolvent at the time Govan made the assignment, or recently thereafter; nor is any other reason alleged by the plaintiff or found', by the jury to excuse the omission to use the diligence prescribed to assignees. The case then stands upon the mere .question whether due diligence has been used' to recover of the maker. The- note is alleged- and found to have been made May 13, 1835, payable at sixty days-; there is no allegation in the declaration as to the time of the assignments, or any of them. The jury, however; upon a- fair construction of their verdict, may be said to have found that all the assignments, previous to that by the bank, were made before the maturity of the note; thus at the maturity of the paper the holder of it, whether Curtis or the bank, could hold the previous assignors liable only by using due diligence against Tyler the maker. As already stated, the note was dated May 13, 1835; without grace, it matured July 12th, 1835. Suit might have been brought against the maker immediately thereafter, yet it was- not brought until July 21st, 1837; and judgment, by default, was rendered at April term 1838. This is not *the diligence which the law prescribes. The principles governing this case are found in the decisions of this court. Lee v. Love, 1 Call 432; Brown v. Ross, 6 Munf. 391; Saunders v. Marshall, 4 Hen. & Munf. 455; Caton v. Lenox, 5 Rand. 31; Barksdale v. Fenwick, 4 Call 492; Goodall v. Stuart, 2 Hen. & Munf. 105; Drane v. Scholfield, 6 Leigh 386; McLaughlin v. Duffield, 5 Gratt. 133. Thus on the plea of nonassumpsit the case was clearly with the defendant. On the plea- of the statute of limitations it is equally clear the law was for him, if the facts be as alleged by plaintiff’s counsel in the argument here: Yet as I hold that no cause of action against defendant is shown to have ever existed at all, it would be idle to show why it must have been barred by the statute of limitations, if it had existed as plaintiff’s counsel supposes.
I am of opinion to affirm the judgment.
The other judges concurred in the opinion of Samuels, J.
Judgment affirmed.