# Wheeling.

## ATHERTON *et al. v.* HULL *et al.*

### (Absent HAYMOND, JUDGE).

### Decided December 12, 1877.

1877.
Special Term.

A. institutes a suit in chancery, for the purpose of compelling the execution to :himself of a deed by trustee for land sold under a deed of trust, and to have a decree over against the administrator of the first assignor, (there being two) of the bonds secured by said deed of trust, for the unpaid balance due on said bonds, and the bill makes defendants, the trustee, the administrator of the first assignor, and also the second assignor. HELD:

1. That chancery has jurisdiction of the cause; and that section 16 of chapter 99 of the Code in such a case does not affect the jurisdiction.

2. But to authorize a decree over against the administrator of the remote assignor for any unpaid balance due on the bonds, the bill must allege, and the proof must show, that the assignee had used due diligence in pursuing his remedy against the original debtor, without avail, or a good and sufficient excuse for his failure so to do; and as there were no such allegations in the bill it was properly dismissed at the hearing, as to the personal representative of the remote assignor, and also as to the second assignor.

The bill charged that the trustee had refused to execute the deed, without reason, and the trustee by his, answer, while giving as a reason for not executing the deed, that he had been enjoined until shortly before filing his answer, from so doing, and that the plaintiff had never tendered him his commission, yet averred in his answer, that he had executed the deed and was ready to deliver it upon payment of his commission; and the court dismissed the bill as to all the parties. HELD:

3. That so much of the decree as dismissed the bill as to all the defendants, except the trustee, be affirmed, with costs to the appellee, the administrator of the remote assignor, he being the party substantially prevailing; but so much of the decree as dismissed the bill as to the trustee is reversed, and the cause remanded, to have the deed executed by the trustee delivered to the plaintiff.

An appeal granted upon the petition of Milton C. Atherton, to a decree of the circuit court of the county of Tucker, rendered at the March term thereof, in the year 1869, in a cause in chancery then in said court pending, in which said Atherton and Samuel Woods were plaintiffs, and Beauchamp G. Hull and others were defendants.

The decree complained of was pronounced by Hon. John A. Dille, formerly judge of the circuit court of Tucker county.

*Samuel Woods*, for appellant.

*C. Boggess*, for appellees.

The following statement of the case is furnished by JOHNSON, JUDGE:

Milton C. Atherton and Samuel Woods, in the circuit court of Tucker county, filed their bill, which is in substance as follows: that on the 26th day of October 1858, one Beauchamp G. Hull and wife, executed a deed of trust to William Ewin, trustee, conveying some two hundred and sixty-one acres of land, situated in said county of Tucker, to secure said Woods the payment of $1,688.61, with interest from the date of said deed, and also to secure the expenses of the trust, and commission of the sale; that the said debt had originally been due from said Hull to Henry V. Bowman, and that previous to the execution of the said deed, the said Bowman, had assigned and transferred the same for a valuable consid-

eration to said Woods, who after the execution of the said deed, assigned and transferred the said debt for a valuable consideration, to the said Atherton, of which said Bowman had due notice, as will more at large be shown, by certain proceedings had in a chancery suit, now pending in the circuit court of said county, exhibited by said Bowman, against the plaintiff (in this suit) and others; that said debt named in said trust deed remaining wholly unpaid, the plaintiff directed a sale of the land named therein, and on the 18th day of March 1861, the same being a court day, the said trustee made public sale of the said land, at the court house of said county, and the said Atherton, became the purchaser at the price of $900.00, which sum after deducting said Ewin's lawful commission for making said sale, left the sum of $873.25 to be credited on said sum of $1,681.69, as of the 18th March 1861, leaving the sum of 1,051.98 still due and unpaid on said trust debt; that it might seem, at first sight that said land sold at an inadequate sum, and at a ruinous sacrifice, such however is not the fact, but the said sale was for the full value of the land, and one Herom Laugherty, was employed on behalf of said Hull and Bowman to bid on the land, which he did, until it was struck off to said Atherton, at a higher price than they wished to bid for it; that by reference to the deed of Bowman to Hull, it will indeed appear that said Hull bought said land on the 9th day of May 1855 for $2,500.00, but that there was then a valuable mill on said land, which constituted its principal value, but which was burned down while the land was owned by said Hull; and that said Hull was a preacher of the Gospel, and wholly unused to farming, and bought the land on speculation, to enable him to sell an adjoining tract of land to advantage ; and that he let the tract in question go to waste, impoverishment and decay, during the second year he owned it. The plaintiffs exhibit a letter of Hull, written on the 11th of April, but the year is not stated, in which he says the notes, (without describing them) were given for

1877.
Special Term.

Atherton *et al.*
v.
Hull *et al.*

the balance of the purchase money on the real estate alluded to ; that when he entered into that arrangement, he had no expectation of paying the money, only by the sale of the property which he hoped to have sold before it was necessary to force a sale of it under the trust; that he had another tract of land, adjoining that containing five hundred and fifteen acres; the two tracts containing about seven hundred and seventy-five acres, and made what he considered a very valuable property, and could be much more advantageously sold together than separately ; he thought he could succeed in selling before fall ; feared that if the land was sold under the trust, that it would not bring enough to pay off the notes, although he paid several years before $2,500.00 for it; he speaks of his losses, and begs for leniency. The bill proceeds : that Hull is wholly insolvent ; that said sum of $1,051.98, with interest from the 18th March 1861 is due from him, for which the said Bowman, as assignor to said Woods is liable ; that in view of that *admitted* liability, (see exhibits A, and No. 4,) said Bowman instituted said suit most unjustly, charging fraud upon said trustee and Atherton ; that said Henry N. Bowman has since departed this life, leaving certain persons named in the bill his heirs-at-law, and his estate was committed to the sheriff of Barbour county for administration; and that said administrator and heirs-at-law, had abandoned, and refused to further prosecute the suit so instituted by said Bowman; that they also refused to pay said money, or any part thereof, and refuse to convey said land to Atherton, that the trustee, Ewin, has from said sale hitherto, refused to execute a deed for said land to Atherton, and being in sympathy with the so-called Confederate States, has left his place of business, home and property, and has gone within the Confederate lines, and is not a resident of this State, so that it is wholly out of the power of the plaintiff, to obtain a deed for said land, save by a resort to this court, that the said Ewin, and heirs and

personal repersentatives of said Bowman, combine and confederate to delay, hinder and defraud the plaintiff in the premises. The prayer of the bill is, that the said Hull, Ewin trustee, and personal representatives of said Henry Bowman, deceased, be made defendants to the bill; that a commissioner in place of Ewin trustee, be directed to convey the said land, to said Atherton, and that a personal decree be rendered against the personal repersentatives of Bowman, in favor of said Atherton, for said sum of $—and interest as aforesaid, and for general relief. The record does not show when the bill was filed, but as the summons was issued on the 12th day of September 1864, it is probable, the bill was filed at October rules of the same year.

. The deed of trust referred to in the bill, is filed as an exhibit, and is signed by Hull and wife, Samuel Woods and H. V. Bowman. The record of the chancery suit referred to in the bill, is also filed therewith, and was instituted by said H. V. Bowman, in his life time, against Ewin, Samuel Woods, Milton C. Atherton and B. G. Hull. The bill alleges, that on the 9th of May 1855, the plaintiff conveyed by deed of that date, two hundred and sixty-one acres of land in Tucker county, to B. G. Hull, for the consideration of $2,500.00; that Hull having failed to pay the purchase money, the plaintiff instituted a suit against him in the circuit court of Tucker county, to enforce the vendor's lien retained therein, and that such proceeding were had ; that plaintiff obtained a decree for the sale of said land ; that he afterwards assigned said decree, and the bond of said Hull, to one Samuel Woods, who agreed with the said Hull, to suspend the sale of the said tract of land, by the said Hull executing a deed of trust to William Ewin, trustee, for the benefit of the said Samuel Woods; that said Samuel Woods, assigned the said decree, and perhaps the bonds of the said B. G. Hull, to one Milton C. Atherton, and the said William Ewin, for the purpose of combining and confederating to injure and oppress

plaintiff, on the 18th day of March 1861, at the court

house of Tucker county, sold the said tract of land, and the said Atherton became the purchaser at the price of $900.00, when in fact the land was worth $3.000.00. The plaintiff charges, that at the time of said sale, other persons were present and bidding, and intended to give $1,950.00, and it was contended on the ground at the time of said sale, by one Loughery, who was authorized to bid for some other person unknown to plaintiff; that his bid was more than Atherton's, and did actually offer $1,000.00 for said tract of land, and went to said Ewin, and offered $1,000.00 for said tract of land; but said Ewin refused to accept it or allow him his bid; that said Ewin only offered said land for sale five minutes; that owing to the confederacy entered into between the said Atherton and Ewin, the said tract of land was sacrificed and did not bring one-third of its true value; and the plaintiff being liable to the said Woods, upon the assignment aforesaid, the said Atherton, with *daring impudence* in the face of his own fraud, demands of plaintiff the residue of the sum of $1,881.69 in the said deed of trust mentioned:

The prayer of the bill is, that the sale of said land made on the 18th of March 1861, by said Ewin, trustee, may be set aside and annuled; and that the court appoint a fit and suitable person commissioner to make sale of the said tract of land; and for general relief.

The summons in the said suit issued on the 18th day of March 1861, the day said sale was made. The record in said suit does not seem to be all in the record of this suit, as an exhibit. All in this record of the said suit is the bill, the summons with return thereon, and the deed from Bowman and wife to Hull.

On the 9th day of September 1865, the plaintiffs were by the court allowed to file an amended bill, in which they allege the debt as a little larger than what it is stated to be in the original bill; that since the filing of the original bill they show, that James W. Bowman, has

taken the administration of said estate out of the hands of the sheriff, and is now the administrator thereof, and prays that said James W. S. Bowman, as such administrator may be made a party defendant, and that they may have a personal decree against said administrator, for the unprovided residue of their demand, &c.

William Ewin filed his answer to the bill, in which he admits, that as trustee on the 18th day of March 1861, he sold the said land, and that Atherton became the purchaser at $900.00; that this defendant was restrained by proceedings pending in said court, and undetermined until the last term thereof, from executing a deed to said Atherton, but has since the adjournment of the last term of the court, executed said deed, and now holds the same ready for delivery, upon the payment of his legal commission by said Atherton, and although said Atherton, has shown considerable zeal in pursuit of his deed, he has never tendered one cent of the purchase money, nor complied with the terms of sale, he denies all combination and confederacy.

The answer was sworn to on the — day of — 1866, and was probably filed soon after, although the record does not show when it was filed.

On the 3d of March 1868, the defendant, James W. S. Bowman filed his answer, the substance of which is as follows : That although the said Bowman in his lifetime, and his estate since his death, might be benefited by a re-sale of the land, sold by Ewin, trustee, and purchased by Atherton, still from the delay in obtaining a hearing on the bill filed for that purpose, said bill has been abandoned under the idea that the said Atherton would be satisfied to hold said land, and abandon any recourse on the decree for the amount of the notes of said Hull in the bill mentioned ; that he was led to believe this from the delay of the complainants, Woods and Atherton in commencing any proceedings against the said Bowman in his lifetime, or against his personal representative since his death, on said assignments ; that

the three notes of Hull, said to be assigned by the said Bowman in his lifetime to Woods, if any such notes are in existence, are not filed with complainants' bill; that the estate of said Bowman ought not to be held liable on said notes at this distant day; that respondent strongly suspects and charges that there was some understanding that Woods and Atherton were to take the said notes without recourse; and that if there was any surplus of the proceeds of the sale, that Bowman was to have the same; that respondent believes that no recourse would ever have been sought against Bowman, had he lived; but after his death, the plaintiffs hoped to obtain some advantage, from want of diligence and attention in his personal representative. Respondent always understood that said Bowman received but a small consideration for the Hull notes, and that Atherton has got in the farm he purchased at the trust sale, more than double what Bowman received for the debt; respondent is advised that complainant Atherton's remedy, if he has any, is against the complainant, Woods; and if Woods has any remedy against the estate of Bowman it is at law; that respondent does not know what privity of contract there was, between his intestate and Atherton.

Soon after this answer was filed, an order on the 2d day of June 1868, was entered in the cause, on the motion of Woods, striking out his name as complainant in the bill, and permitting him to be made a defendant, and file his answer; to which answer the complainant replied generally, and the decree recited that the process had been executed on all the defendants, save those who answered, and the bill was taken for confessed as to them, and the cause was heard upon the bill, answers of Woods, Bowman and Ewin, and replication to the said answers, and bill taken for confessed as to the others, and upon the exhibits filed, and the court referred the cause to a commissioner to settle the accounts of the administrator of Bowman, deceased, &c.

The answer of Samuel Woods admits the execution of

the deed of trust, the assignment to respondent, and the assignment of respondent to Atherton, except $210.00, with interest from the 1st day of October 1858, less $12.50; also admits the sale to complainant of the land for $900.00, does not admit that he was ever liable to Atherton on the assignment for any other or greater sum than might remain unpaid after all the estate, real and personal of H. V. Bowman, as well as that of Hull was exhausted, after he was credited with the aforesaid sum due him; does not admit that he is now liable to Atherton for any amount whatever, as he alleges, that the said Atherton has wholly failed to pursue his remedy against Hull, as well also, because he has so abandoned his rights as the assignee of respondent, as to suspend for a long time, without respondent's consent, his right to pursue his legal remedy for the collection of said debt, both against Hull and the estate of Bowman. He insists that Atherton, was bound to use all diligence to collect the said debt, both from Hull, and the estate of Bowman and had no right to suspend his right, to pursue the collection of said demand from Hull or Bowman; that he has but recently learned, that on the 1st of April 1865, the said Atherton, then being a resident in the State of New York, entered into a contract with one James W. S. Bowman, who styled himself the administrator of Henry V. Bowman, although the said Atherton, knew he was not such administrator, whereby he sold the land to said Bowman, in consideration that he would pay to Atherton, within an indefinite time, the whole amount of the debt, the answer states the legal effect of said contract, to be to release respondent. There is no proof however, of any such contract, nor was there any proof taken in the cause.

On the 3d of March 1869, an order was entered in the cause, reciting that the order of reference had not been executed, and "on motion of the defendant, and for reasons appearing to the court, the said order of reference is set aside." Which defendant made the motion

is not stated. And on the same day the final decree was

entered in the cause, dismissing the bill upon the hearing, and giving costs to the defendants, except Woods, against the complainant.

From which decree the complainant appealed.

JOHNSON, JUDGE, delivered the opinion of the Court:

Could a suit in chancery be maintained for the purposes sought by the bill?

In *Taylor* v. *Ficklin et al.*, 5 Mun. 25, it was held Syllabus 1. that "a man indebted by bond, executed a conveyance of all his property in trust, for payment of his just debts in the first place; for his own support during life in the second, and afterwards for the benefit of his wife, &c., and died without will, or property acquired after the date of such conveyance, and no person administered on his estate; that an *assignee* of the bond was not restricted to his remedy at law against the assignor, but without bringing an action at law, might obtain relief in equity by a decree for the sale of the property in the hands of the trustee. In such case, if the fund in the possession of the trustee prove insufficient, the plaintiff in equity might recover the balance of his claim from a debtor of the obligor, and in default of both those funds in whole or part, he might proceed against the assignor." From this it appears that all the persons concerned being made parties, the court might do complete justice in one suit, and make an end of the whole controversy.

In this case, the obtaining of the deed to the land sold by the trustee, was within the jurisdiction of a court of equity, and to obtain that it was necessary to have before the court all the parties interested in the controversy; the assignor of the debt, as well as the grantors in the trust deed were necessary parties and were before the court, and it was proper in that suit, if all the proper allegations had been contained in the bill, and sustained by proof or confessed, to have made an end of the whole

1877.
Special Term.

Atherton *et al.*
v.
Hull *et al.*

controversy, by decreeing against those who ought to pay it, if any one, for the unpaid balance of the debt. Nor is there any thing in section 16 of chapter 99 of the Code, to prevent this being done in a court of equity, because, if for no other reason, the plaintiff did not have an adequate remedy at law, to make an end of the whole controversy, and being properly in a court of chancery for one purpose, the court would retain the jurisdiction for all purposes and do complete justice between the parties.

Syllabus 2.

But before the plaintiff could in the suit, have a decree over against any of the parties, who were assignors of the debt, he would have to show that he had used due diligence to collect the debt from the original debtor. He must either show that he has diligently pursued his remedy against the original debtor, without avail, or a reason, good and sufficient, why he has not done so. If he showed, that, at the time, or shortly after the assignment was made, the original debtor was insolvent, this would be a sufficient excuse for not pursuing his remedy against him. *Thompson* v. *Govan,* 9 Gratt. 695, and cases there cited.

The bill in this case charges that the original debtor, Hull, " is wholly insolvent," but it appears that this bill was filed in 1864, about six years after the notes or bonds were executed, and about three years after the last one was due. Hull executed the three notes or bonds as appears by the deed of trust, filed as an exhibit with the bill, on the 26th day of October, 1858. The bonds were for $560.56⅓ each, and were payable in one, two and three years respectively thereafter; and the trust which was executed by Hull and wife contained this provision : " That the said B. G. Hull, his heirs or assigns, shall remain in the possession of the said land, and take the rents, issues and profits thereof to his own use, until default be made in the payment, in whole or in part, of the said installments, as they severally fall due, and then so soon after the happening of such default as the said

1877.
Special Term.

Atherton *et al.*
v.
Hull *et al.*

trustee shall think proper, or as he may be required to do by the said Woods, his representatives or assigns, it shall be lawful, and the duty of the said trustee, after having fixed the time of sale, and given thirty days notice thereof, by advertisement posted at the front door of the court house of Tucker county, to sell said land at public auction, for cash in hand," &c., and directs that after paying commisssions, &c., to pay the proceeds of the sale to Woods, or sufficient to pay the debt, and the balance pay to Hull. The deed of trust recites the assignment of Bowman to Woods, and Bowman signs the trust deed; but there is nothing in it to excuse due diligence. When Woods assigned to Atherton, the record does not show; he admits he did so, but the assignment does not appear; the portion of the bill referring to it says: "That previous to the execution of the said deed, the said Bowman had assigned and transferred the same for valuable consideration, to said Woods, who after the execution of the said deed, assigned and transferred the said debt to said Milton C. Atherton, for valable consideration." There is no attempt in the bill to show any sort of *diligence* in collecting the said debt from said Hull, the original debtor, not even to sell the land under the trust deed, which should have been done in October 1859, as soon as the first bond became due, and then to have followed up Hull for any unpaid balance; but the sale was not attempted until March 1861. It may be given as an excuse after that time that Bowman brought a suit to prevent the confirmation of the sale, made in March; but before that time the bill does not show any diligence whatever, either in Atherton or Woods. It is not alleged that Hull was insolvent prior to the filing of the bill in 1864. There is therefore no equity shown in the bill, to entitle the plaintiff to recover against the administrator of the estate of assignor, Bowman; and the bill was properly dismissed as to the administrator and heirs of said Bowman; but as it appears from the answer of the trustee, Ewin, and Syllabus 3.

1877.
Special Term.
_____
Atherton *et al.*
v.
Hull *et al.*

the said administrator, that there is no new reason why Atherton should not have a deed from the said trustee for said land, and the said trustee is willing to deliver the same on payment of his commissions, the complainant is entitled to have his deed when said commissions are paid; therefore for these reasons, so much of the decree of the 3d of March 1869, as dismisses the complainant's bill as to all the defendants, except the trustee, Ewin, and gives cost, is affirmed, with costs and $30.00 damages to the appellee, James W. S. Bowman, the administrator of H. V. Bowman, deceased, the party substantially prevailing against the appellant, Milton C. Atherton; and so much of the said decree as dismissed the said bill as to the defendant, William Ewin, trustee, is reversed, and this cause is remanded to the circuit court of Tucker county, with instructions to have said deed referred to in the answer of said Ewin, trustee, delivered to the plaintiff, Atherton, if it is in the papers of the cause, or executed, and if not, to have said trustee execute and deliver a proper deed for said land, to said plaintiff, Atherton, when he shall pay the said commissions, and in default of said trustee executing said deed within a reasonable time to appoint a commissioner to execute the same.

JUDGES GREEN and MOORE concurred.

CAUSE REMANDED.